## LEO R. DONAHUE *vs.* DORA SEIGELMAN.

JULY 16, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit to recover a commission allegedly due for services as broker in connection with an agreed sale of the defendant's cafe. A justice of the superior court sitting without a jury rendered a decision for the plaintiff for $200, and the case is before us upon the defendant's bill of exceptions based upon that decision.

There was evidence for the plaintiff, if believed, to show the following facts, among others. The defendant engaged the plaintiff to obtain a customer for the purchase of a cafe owned and operated by her in a building that she also owned; and she agreed to pay him for his services a commission of 10% of the purchase price. At first the purchase price was made $1500 but the defendant later raised it to $2000 cash. Pursuant to his agreement with the defendant, the

plaintiff spent money in advertising the cafe for sale and in seeking, by letter and personal solicitation, prospective buyers for it. Several prospects were interested by the plaintiff and were brought to the defendant, who talked with them directly.

Finally, one Sydney Rylands MacTavish was interested by the plaintiff and was brought to the defendant's cafe. After conferring directly with him, the defendant accepted this customer, agreed orally with him to sell the cafe business to him for $2000 cash, and agreed to give him a lease of the premises. Upon the defendant's suggestion, the customer, the plaintiff and the defendant went to the office of an attorney, who was asked to draw the necessary bill of sale and lease to complete the transaction. The attorney selected by the defendant was the one who had acted for her in the purchase of this property a short time previously. At his office the drafting of a bill of sale and lease, in accordance with the agreement between the defendant and customer, was arranged for, and a memorandum thereof made by the attorney was introduced in evidence. Only the final decision of the defendant as to whether she preferred a three or five-year term inserted in the lease was necessary to complete the transaction.

The defendant agreed to notify the attorney of her decision that afternoon, after she talked with her family. The customer agreed to take whatever term of the lease she would prefer, and, at her instance, deposited $100 cash in good faith on account of the purchase price. The balance of $1900 was to be paid on delivery of the bill of sale and lease. In the presence of the defendant, a receipt for this payment on account was signed and delivered to the customer by the attorney for the defendant. According to the plaintiff, who was corroborated by the attorney, everything was agreed to and completed at this time, except the defendant's final decision as to what term she preferred to have inserted in the lease.

After talking with her family, the defendant refused to sign or deliver the bill of sale with or without a lease of any kind. She gave several reasons for her refusal but none of them related to the customer's inability or unwillingness to purchase in accordance with his agreement with her. The actual reason for her refusal to complete the sale, according to testimony concerning a message sent by defendant to the attorney, was her son's desire to take over and run the cafe in order to make money for furtherance of his education.

On the other hand, the defendant disputed many of the above-stated material facts, including the testimony of the plaintiff and attorney that everything had been agreed to and completed at the attorney's office excepting the term of the lease that she desired. She further testified, in effect, that the original contract with the plaintiff was conditioned on an actual sale to a purchaser who would be satisfactory to her as a tenant; and that the negotiations with the customer, which took place at her cafe and at the attorney's office, never were completed; and that the buyer was unsatisfactory as a tenant. According to her view, no commission was due unless there was an actual transfer.

In this situation the evidence was conflicting as to most of the controlling facts. The plaintiff was corroborated by some admissions of the defendant, and further by testimony of the attorney selected by her. The defendant was the only witness for herself. The trial justice apparently believed the testimony of the plaintiff and the attorney, and disbelieved the defendant.

Upon such a view, the evidence shows that the plaintiff provided a customer in accordance with his agreement with the defendant; that the customer was accepted by the defendant, who dealt with him directly and made an agreement with him to sell the cafe for $2000 cash; and that the customer paid on account all that was asked as a deposit

in good faith and was ready and able to complete the transaction. The broker thus fulfilled the requirements of his contract. The sale failed, not because of any default by the plaintiff in his contract, nor by the customer under his agreement with the defendant, but because of the defendant's refusal to go through with her own agreement with the customer for a reason which did not bind the plaintiff in the circumstances here. See *Douglas* v. *Matzner,* 51 R. I. 1; *Manfredi* v. *Boss,* 50 R. I. 125.

In such circumstances the decision of the trial justice upon conflicting testimony should not be disturbed unless it was clearly wrong. As we cannot say, from our examination of the transcript, that the decision was clearly wrong, the case comes within the well-established rule.

For the reasons stated, the defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Michael F. Costello,* for plaintiff.

*Harry J. Weisman,* for defendant.